IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK M. TORRENCE,        )<br>    Plaintiff,        )<br>        )<br>vs.        )<br>        )<br>MATTHEW L. HARRIS, et al,        )<br>    Defendants.        ) | C.A. No. 1:25-cv-300<br><br>District Judge Baxter |

## MEMORANDUM OPINION

**Procedural History**

Plaintiff Frederick M. Torrence, acting pro se, filed the instant § 19833 action, and paid the filing fee, on October 8, 2025. *See* ECF No. 1. As Defendants to the action, Plaintiff names Matthew L. Harris, Sr., Emmie Harris, and Denita Torrence, all of whom according to the complaint are residents of Erie, Pennsylvania.

In his complaint, Torrence claims that these three Defendants "knowingly committed the following crimes: Theft by Deception, 18 Pa. C.S. § 3922; Theft by Unlawful Taking, 18 Pa. C.S. § 3921; Receiving Stolen Property, 18 Pa. C.S. § 3925; and Criminal Conspiracy, 18 Pa. C.S. § 903." Plaintiff explains that his claim arises out of a fraudulent land sale contract for property located at 926 West 18th Street in Erie. He believes that his Fifth and Fourteenth Amendment rights have been violated and seeks damages in the amount of $452,550.

On October 27, 2025, Plaintiff filed a "Motion for Judgment" [ECF No. 3] and an "Emergency Motion for Temporary Restraining Order [ECF No. 4].

**Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails

1

to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: (1) is based upon an indisputably meritless legal theory and/or, (2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under § 1915(e)(2) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint unless the amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

**Plaintiff's Claims**

In his complaint, Plaintiff purportedly brings both a constitutional claim and raises criminal claims against these Defendants. Even though his pleading is difficult to follow, because Plaintiff is proceeding pro se, his filings must be "liberally construed." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). The Court must "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotation marks and citation omitted). Notwithstanding this relaxed pleading-standard, however, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

None of the three named Defendants are state actors, nor is there any factual allegation that they acted under color of state law. Section 1983 is a federal statute that allows individuals to sue state and local government officials for violations of constitutional rights. 42 U.S.C. § 1983. To state a claim under Section 1983, the defendant's actions must constitute "state action," meaning they are performed under color of state law. *See United States v. State of Georgia*, 446 U.S. 420 (1980); *West v. Atkins*, 487 U.S. 42 (1988). This requires that the government or its officials were involved in the alleged rights violation. These named Defendants are private individuals and there is no allegation that any of them are government officials. Because Plaintiff cannot satisfy this threshold requirement, Plaintiff's § 1983 claim must be dismissed for failure to state a claim upon which relief may be granted.

**Futility of Amendment**

District courts must generally allow a pro se plaintiff such as Torrence leave to amend a deficient complaint prior to dismissal unless doing so would be futile. *See Gay v. City of Phila.*, 603 Fed. App'x 87, 88 (3d Cir. 2015) *citing Grayson*, 293 F.3d at 108. "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original [pleading] or if the amended [pleading] cannot withstand a renewed motion to dismiss." *Citizens Bank of Pa. v. Reimbursement Techs., Inc.*, 609 Fed. App'x 88, 95 (3d Cir. 2015) *quoting Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). Because the undersigned concludes, as a matter of law, these Defendants are not state actors, leave to amend against any of these named Defendants is futile.

An appropriate Order follows this Memorandum Opinion.